IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSEN,<br><br>Respondents. | Cause No. CV 18-63-BU-BMM-JCL<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

On October 24, 2018, Petitioner Bobby Francis Lowry, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1.) Lowry is a state prisoner proceeding pro se.

### I.     Motion to Proceed In Forma Pauperis

Lowry has moved this Court to proceed in forma pauperis. See, (Doc. 2.) After reviewing the motion and supporting account statement, it appears Lowry has sufficiently shown he cannot afford to pay all costs that may be associated with this action. Lowry's motion to proceed in forma pauperis will be GRANTED.

### II.     28 U.S.C. § 2254 Petition

Lowry, who is apparently legally deaf, alleges that on May 22, 2018, he was

---

[1] Under the "prison mailbox rule" a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988).

1

unlawfully written up while in custody of the Montana State Prison, because he could not understand and appropriately respond to inquiries from prison authorities.  (Doc. 1 at 3.)  Lowry explains that this unlawful write-up has resulted in a delay in his consideration for an Interstate Compact and also a failure of the Montana Department of Corrections (DOC) to bring him before the Board of Pardons and Parole in a timely manner.  *Id*. at 4-5.  Further, Lowry asserts he has been unlawfully discriminated and retaliated against by the DOC due to his disability.  *Id*. at 5-6.

Lowry asks this Court to order the DOC to strike any mention of the May 2018 write-up from its records, order the DOC to expedite his release, and to grant any additional relief this Court deems appropriate.  *Id*. at 6.

### i.    Analysis

Lowry's petition should be dismissed because any claims he seeks to advance relative to his current custody have not yet been exhausted in the state court system.  On October 24, 2018, Lowry filed a state habeas petition with the Montana Supreme Court.  See, *Lowry v. Salmonsen*, OP 18-0610, Pet. (filed Oct. 24, 2018).[2]  Aside from a few minor grammatical changes, the document Lowry filed in the state court is nearly identical to the petition he filed in this Court.  *Cf*.,

---

[2] All state court orders and briefing available at: https://supremecourtdocket.mt.gov (accessed November 20, 2018).

*Id.* at 1-6, with (Doc. 1 at 2-6.)  The Montana Supreme Court issued an Order to the State to respond to Lowry's petition, however, the response was not due until November 30, 2018.  See, *Lowry v. Salmonsen*, OP 18-0610, Or. (filed Oct. 31, 2018).  Because Lowry's state habeas matter is currently active, his federal petition should be dismissed.

This Court previously advised Lowry of the requirement, under 28 U.S.C. § 2254(b)(1)(A), that an individual exhaust his remedies in the state court system before he is able to file a federal habeas petition.  See, *Lowry v. Salmonsen*, CV-18-63-BMM-JCL, Find. & Rec., at 2-4 (filed Oct. 29, 2018).  Lowry was also advised of the steps he would need to take to properly exhaust his claims.  *Id.*  That matter was ultimately dismissed as unexhausted.  *Lowry v. Salmonsen*, CV-18-63-BMM-JCL, Or. (D. Mont. Nov. 29, 2018).

Likewise, Lowry must continue through one complete round of state proceedings to properly exhaust his pending claims.  Until he does so, this Court cannot review the petition.  See, *Rose v. Lundy*, 455 U.S. 509 (1982).  Dismissal is without prejudice and Lowry may return to this Court if and when he fully exhausts the claims relative to his current custody in the state courts.

## ii.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254

Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Lowry has not yet made a substantial showing that he was deprived of a constitutional right.  Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

1. Mr. Lowry's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**.  The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. The Petition (Doc. 1) should be **DISMISSED** without prejudice as

unexhausted.

2.  The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3.  A certificate of appealability should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT**
**TO FINDINGS & RECOMMENDATION**
**AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Lowry may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Lowry must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 3rd day of December, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Lowry is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.